**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TIVO CORPORATION, JAMES E. MEYER, RAGHAVENDRA RAU, LAURA J. DURR, ALAN L. EARHART, EDDY W. HARTENSTEIN, DAN MOLONEY, DAVE SHULL, GLENN W. WELLING, LORIA B. YEADON, XPERI CORPORATION, XRAY-TWOLF HOLDCO CORPORATION, XRAY MERGER SUB CORPORATION, and TWOLF MERGER SUB CORPORATION,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 19, 2019 (the "Proposed Transaction"), pursuant to which TiVo Corporation ("TiVo" or the "Company") will be acquired by Xperi Corporation, XRAY-TWOLF HoldCo Corporation ("HoldCo"), XRAY Merger Sub Corporation ("XRAY Merger Sub"), and TWOLF Merger Sub Corporation ("TWOLF Merger Sub," and collectively, "Xperi").

2. On December 18, 2019, TiVo's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Xperi.  Pursuant to the terms of the Merger Agreement, shareholders of TiVo will receive 0.455 shares of HoldCo common stock.

3. On February 18, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of TiVo common stock.

9. Defendant TiVo is a Delaware corporation and maintains its principal executive offices at 2160 Gold Street, San Jose, California 95002. TiVo's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "TIVO."

10. Defendant James E. Meyer is Chairman of the Board of the Company.

11. Defendant Raghavendra Rau is Vice Chairman of the Board of the Company.

12. Defendant Laura J. Durr is a director of the Company.

13. Defendant Alan L. Earhart is a director of the Company.

14. Defendant Eddy W. Hartenstein is a director of the Company.

15. Defendant Dan Moloney is a director of the Company.

16. Defendant Dave Shull is President, Chief Executive Officer, and a director of the Company.

17. Defendant Glenn W. Welling is a director of the Company.

18. Defendant Loria B. Yeadon is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Xperi Corporation is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Holdco is a Delaware corporation, a jointly owned subsidiary of TiVo and Xperi Corporation, and a party to the Merger Agreement.

22. Defendant XRAY Merger Sub is a Delaware corporation, a wholly-owned subsidiary of HoldCo, and a party to the Merger Agreement.

23. Defendant TWOLF Merger Sub is a Delaware corporation, a wholly-owned subsidiary of HoldCo, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of TiVo (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25. This action is properly maintainable as a class action.

26. The Class is so numerous that joinder of all members is impracticable. As of December 16, 2019, there were approximately 126,666,160 shares of TiVo common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

31. TiVo provides an intellectual property portfolio and products to help consumers watch entertainment.

32. The Company's products include movies, videos, and shows from across live TV, on demand, streaming services, and apps.

33. On December 18, 2019, TiVo's Board caused the Company to enter into the Merger Agreement with Xperi.

34. Pursuant to the terms of the Merger Agreement, Tivo's stockholders will receive 0.455 shares of Holdco common stock for each share of TiVo common stock they own.

35. According to the press release announcing the Proposed Transaction:

> Xperi Corporation (Nasdaq: XPER) and TiVo Corporation (Nasdaq: TIVO) today announced they entered into a definitive agreement to combine in an all-stock transaction, representing approximately $3 billion of combined enterprise value. The transaction creates a leading consumer and entertainment technology business and one of the industry's largest intellectual property (IP) licensing platforms with a diverse portfolio of entertainment and semiconductor intellectual property.
>
> The merger agreement provides for a 0.455 fixed exchange ratio, which implies a 15% premium to TiVo's shareholders based on each of Xperi's and TiVo's 90-day volume-weighted average share prices. At close, Xperi shareholders will own approximately 46.5% of the combined business, and TiVo shareholders will own approximately 53.5%. . . .
>
> Transaction Details
>
> Under the terms of the merger agreement, the shares of TiVo and Xperi stockholders will be converted into the shares of the new parent company based on a fixed exchange ratio of 0.455 Xperi share per existing TiVo share. Upon

completion of the merger, Xperi stockholders will own approximately 46.5% and TiVo stockholders will own approximately 53.5% of the new parent company on a fully diluted basis.

In connection with the transaction each company's debt will be refinanced on a combined basis. To meet this objective, the companies have secured $1.1 billion of committed financing from Bank of America and Royal Bank of Canada.

Management and Board of Directors

Following the completion of the transaction, Xperi's Chief Executive Officer, Jon Kirchner, will serve as Chief Executive Officer of the new parent company and Xperi's CFO, Robert Andersen, will serve as Chief Financial Officer. TiVo's Chief Executive Officer, David Shull, will continue as a strategic advisor to ensure a successful integration.

The Board of Directors of the new parent company will consist of seven directors, including Xperi CEO Jon Kirchner, in addition to three directors appointed by Xperi and three directors appointed by TiVo. The Chair of the Board will be selected by the independent directors of the Board.

The new parent company will assume the Xperi name but will continue to provide entertainment services under the TiVo brand, alongside Xperi's premium DTS®, HD Radio®, and IMAX® Enhanced brands. The company will be headquartered in San Jose, California.

Timing and Approvals

This transaction has been approved by the Boards of Directors of both companies and is expected to close during the second quarter of 2020, subject to regulatory approvals, the approval by the shareholders of each company, and other customary closing conditions. . . .

Advisors

Centerview Partners, LLC served as exclusive financial advisor to Xperi and Skadden, Arps, Slate, Meagher & Flom LLP served as legal advisor. LionTree Advisors LLC served as exclusive financial advisor to TiVo and Cooley LLP served as legal advisor.

*The Registration Statement Omits Material Information*

36.     Defendants filed the Registration Statement with the SEC in connection with the

Proposed Transaction.

37. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38. First, the Registration Statement omits material information regarding the Company's, Xperi's, and the combined company's financial projections.

39. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA, (b) EBIT, and (c) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

40. With respect to Xperi's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Billings, (b) Adjusted EBITDA, and (c) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

41. With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Billings and (b) Adjusted EBITDA; (ii) Unlevered Free Cash Flow and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

42. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

43. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed

Transaction, LionTree Advisors LLC ("LionTree").

44. With respect to LionTree's Sum-of-the-Parts DCF Analysis of the Company, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values; (iii) LionTree's basis for applying ranges of terminal multiples of 8.0x to 10.0x and 4.75x to 5.75x; (iv) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%; (v) the estimated consolidated net debt used by LionTree in the analysis; and (vi) the number of fully diluted shares outstanding of TiVo common stock.

45. With respect to LionTree's Sum-of-the-Parts DCF Analysis of Xperi, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values; (iii) LionTree's basis for applying ranges of terminal multiples of 9.0x to 11.0x and 3.0x to 5.0x; (iv) the individual inputs and assumptions underlying the discount rates ranging from 8.75% to 10.75%; (v) the estimated consolidated net debt used by LionTree in the analysis; and (vi) the number of fully diluted shares outstanding of Xperi common stock.

46. With respect to LionTree's Pro Forma Financial Analyses, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.9% to 10.9%; (ii) the terminal values; and (iii) LionTree's basis for applying ranges of terminal value multiples of 6.0x to 8.0x and 7.0x to 9.0x.

47. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48. Third, the Registration Statement omits material information regarding potential conflicts of interest of LionTree.

49. The Registration Statement fails to disclose whether LionTree has provided past services to Xperi or its affiliates, as well as the timing and nature of such services and the amount of compensation LionTree received for providing such services.

50. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51. Fourth, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

52. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

53. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Mergers; (ii) Recommendation of the TiVo Board of Directors; (iii) Opinion of TiVo's Financial Advisor; and (iv) Financial Forecasts.

54. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and TiVo**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. TiVo is liable as the issuer of these statements.

57. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

58. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

59. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

60. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

61. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

62. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Xperi

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants and Xperi acted as controlling persons of TiVo within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of TiVo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

65. Each of the Individual Defendants and Xperi was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

66. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

67. Xperi also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

68. By virtue of the foregoing, the Individual Defendants and Xperi violated Section 20(a) of the 1934 Act.

69. As set forth above, the Individual Defendants and Xperi had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 3, 2020  **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
**OF COUNSEL:**  Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**  Wilmington, DE 19801
Richard A. Maniskas  Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300  Facsimile: (302) 654-7530
Berwyn, PA 19312  Email: bdl@rl-legal.com
Telephone: (484) 324-6800  Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com  *Attorneys for Plaintiff*

13